THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, <br><br> Plaintiffs, <br> v. <br><br> GATES OJEDA'S, INC., an Illinois Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 08 C 1912 <br><br> Judge Lefkow <br><br> Mag. Judge Cole |

## MOTION FOR DEFAULT JUDGMENT

NOW COME the Plaintiffs and move this Honorable Court to enter a default judgment on behalf of the Plaintiffs and against Defendant, GATES OJEDA'S, INC., an Illinois Corp., the grounds that the Defendant has failed to answer or otherwise defend to the Complaint of the Plaintiffs, a copy of which is attached hereto as Exhibit "A". Said Defendant was served on April 12, 2008, as more fully appears from the Affidavit of Service, a copy of which is attached hereto as Exhibit "B".

WHEREFORE, Plaintiffs request the following relief:

1.  That default judgment be entered against the Defendant herein, GATES OJEDA'S, INC., an Illinois Corporation, and that the Complaint filed herein be taken as confessed.

2.  That judgment be entered forthwith against the Defendant, and in favor of Plaintiffs for the period March 1, 2004, through December 31, 2006, in the amount of $40,483.08.

3.      That an order be entered forthwith against the Defendant and in favor of Plaintiffs for production of books and records for the period January 1, 2007, through April 30, 2008, and to pay to Plaintiffs the amount found due and owing in accordance with the applicable provisions of its collective bargaining agreement.

4.      That interest and/or liquidated damages be assessed against the Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of the Pension Reform Act.

5.      That the Defendant be ordered to comply with and perform according to the terms and conditions of its Collective Bargaining Agreement and the applicable provisions of ERISA as amended.

6.      For such other and further relief as the Court may deem just and proper, including reasonable attorney's fees and court costs which are sustained.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558

Dated: May 20, 2008

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MASONRY INSTITUTE, BRICKLAYERS )
LOCAL 21 PENSION FUND, DISTRICT )
COUNCIL TRAINING CENTER FUND, )
AND BRICKLAYERS AND STONE )
MASONS OF ILLINOIS DISTRICT COUN- )
CIL NO. 1 B.A.C. ANNUITY TRUST FUND, )
                                    )
                    Plaintiffs,     )     FILED: APRIL 03, 2008
              v.                    )     No. 08 CV 1912    RCC
                                    )     JUDGE LEFKOW
GATES OJEDA'S, INC., an Illinois Corp., )  MAGISTRATE JUDGE COLE
                                    )
                    Defendant.      )

## COMPLAINT

Plaintiffs, MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, by and through their attorney, Robert B. Greenberg, of Asher, Gittler, Greenfield & D'Alba, Ltd., and complaining of Defendant, GATES OJEDA'S, INC., an Illinois Corporation, allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

-1-

Exh. "A"

3. The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS & STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 13758 Portage Ct., Plainfield, IL 60544.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12. Defendant is delinquent to the Funds for the period of March 1, 2004, through December 31, 2006, in the amount of $40,483.08.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

14. That from January 1, 2007, through March 31, 2008, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

15. Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period January 1, 2007, through March 31, 2008.

WHEREFORE, Plaintiffs pray:

(a) That judgment enter in favor of Plaintiffs and against Defendant in the amount of $40,483.08.

(b) That Defendant be compelled to account to Plaintiffs for contributions due as aforesaid and to pay to Plaintiffs the amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e) That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(f) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

### NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND,
Plaintiffs,

v.

GATES OJEDA'S, INC., an Illinois Corp.,
Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 1912
JUDGE LEFKOW
JUDGE: MAGISTRATE JUDGE COLE

TO: (Name and Address of Defendant)

GATES OJEDA'S, INC., an Illinois Corp.
c/o: TERESA M. BURKE, Registered Agent
4010 South California Avenue
Chicago, IL 60632

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ROBERT B. GREENBERG, ESQ.
ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael W. Dobbins, Clerk

_____
(By) DEPUTY CLERK

April 3, 2008
_____
Date

BY DEPUTY CLERK

Exh. "B"

| | | |
|---|---|---|
| ClientCaseID:  R. GREENBERG |  | CaseReturnDate: 5/8/08 |
| Law Firm ID:  ASHER | *182218A* | Affidavit of SPECIAL PROCESS SERVER |

## UNITED STATES DISTRICT COURT

Case Number **08CV1912**

I, JOANNE STOKLASA

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN  **SUMMONS AND COMPLAINT**
ON THE WITHIN NAMED  DEFENDANT  **GATES OJEDA'S, INC.**
PERSON SERVED  **TERESA BURKE, REGISTERED AGENT**
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON **4/12/08**

That the sex, race and approximate age of the person whom I left the   SUMMONS AND COMPLAINT
are as follow:

Sex  FEMALE   Race  WHITE   Age  43
Height  5'7"   Build  MEDIUM   Hair  BROWN

LOCATION OF SERVICE   **4010 S CALIFORNIA AVE**
**CHICAGO, IL, 60632**

Date Of Service  **4/12/08**   Time of Service  **9:15 AM**

JOANNE STOKLASA                                           4/14/2008
**SPECIAL PROCESS SERVER**
P.E.R.C. #129-163798

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MASONRY INSTITUTE, BRICKLAYERS )
LOCAL 21 PENSION FUND, DISTRICT )
COUNCIL TRAINING CENTER FUND, )
AND BRICKLAYERS AND STONE )
MASONS OF ILLINOIS DISTRICT COUN- )
CIL NO. 1 B.A.C. ANNUITY TRUST FUND, )
                                     )
            Plaintiffs,              )
                                     )
        v.                           )   No. 08 C 1912
                                     )
GATES OJEDA'S, INC., an Illinois Cor- )   Judge Lefkow
poration,                            )
                                     )   Mag. Judge Cole
            Defendant.               )

**AFFIDAVIT**

In accordance with 28 U.S.C. §1746, I, Cathy Bongiovanni, do hereby affirm and declare under penalty of perjury, that:

1. I am the Fund Coordinator for the Masonry Institute, Bricklayers Local 21 Pension Fund, and Bricklayers Local 21 of Illinois Apprenticeship and Training Program.

2. Based upon an examination of Defendant's reports and employee pay records that was performed under my direction and control, it was determined that the Defendant, GATES OJEDA'S, INC., an Illinois Corporation, is delinquent in its contributions to the Plaintiff Funds for the period March 1, 2004, through December 31, 2006, in the amount of $40,483.08, which amount includes accrued interest on the unpaid contributions.

I declare under penalty of perjury that the foregoing is true and correct.

_____
CATHY BONGIOVANNI

Subscribed and Sworn to before me
this _19th_ day of May, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
ROBERT BARNETT GREENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/28/09

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>GATES OJEDA'S, INC., an Illinois Corporation,<br><br>Defendant. | No. 08 C 1912<br><br>Judge Lefkow<br><br>Mag. Judge Cole |

## AFFIDAVIT

ROBERT B. GREENBERG, Attorney for Plaintiffs, MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, on oath and duly sworn, states:

1. That I am an attorney licensed to practice in the State of Illinois for 44 years and a member of the Federal Bar.

2. That I represent the Plaintiffs, MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, and our billing rate is $195.00 per hour.

3. That I have billed our clients a total of $1,170.00 for legal services in the matter of GATES OJEDA'S, INC., an Illinois Corp.

4. That costs in the amount of $405.00 for filing and service of Summons have been incurred by Plaintiffs.

_____
ROBERT B. GREENBERG

Subscribed and Sworn to before me
this 8th day of May, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
LINDA D KONASZEWSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/23/10